# United States Court of Appeals for the Fifth Circuit

---

No. 25-50935
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

July 24, 2026

Lyle W. Cayce
Clerk

Carolina Velasco,

*Plaintiff—Appellant*,

*versus*

Killeen Independent School District,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:25-CV-404

---

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Carolina Velasco sued her former employer for alleged discrimination and retaliation and sought leave to proceed in forma pauperis ("IFP"). The district court found she had not shown that payment of the filing fee would cause "an 'undue financial hardship,'" denied her motion, and ordered her to pay the fee by October 16, 2025, or it "will dismiss this case for want of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

prosecution." On November 4, 2025, Velasco filed a motion for an extension of time to pay the fee and a notice of appeal of the order denying her IFP status, "including any related rulings denying [IFP] status or dismissing the complaint." Six days later, the district court dismissed the case without prejudice for failure to pay the filing fee, denied the motion for an extension of time as moot, and entered judgment. On November 14, 2025, Velasco filed notices of three partial payments and a motion to reinstate the case, which the district court later denied.

Velasco now asks this court to (1) vacate the district court's order of dismissal, the final judgment, and the order denying her IFP status; and (2) remand the case with instructions for the district court to reinstate her case and to "proceed under the proper standards governing case-ending sanctions, including meaningful consideration of lesser alternatives consistent with Fifth Circuit precedent," including *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992).

Our appellate jurisdiction is limited by statute to final decisions and certain interlocutory orders. *See* 28 U.S.C. §§ 1291–1292. Because a district court's order denying an IFP motion is an appealable interlocutory order, *see Roberts v. U.S. Dist. Ct.*, 339 U.S. 844, 845 (1950) (per curiam), we have jurisdiction over Velasco's timely appeal of the district court's denial of her IFP motion. Our review is "for abuse of discretion, which occurs when the basis for the decision was arbitrary or erroneous." *Gibbs v. Jackson*, 92 F.4th 566, 568 (5th Cir. 2024) (quoting *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1243–44 (5th Cir. 1975)). Here, the district court found Velasco had not shown "undue financial hardship" because her gross monthly income exceeded her average monthly expenses by approximately $1,200. We find no abuse of the district court's "wide discretion." *See Flowers*, 507 F.2d at 1244.

No. 25-50935

Although no order of dismissal or judgment had yet been entered, Velasco's notice of appeal also included "any related rulings . . . dismissing the complaint." Because a notice of appeal must be filed within 30 days *after* the date of entry of the judgment or order being appealed, this portion of Velasco's notice of appeal was premature. *See* Fed. R. App. P. 4(a)(1)(A). "A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry," however. Fed. R. App. P. 4(a)(2). "Rule [4(a)(2)] recognizes that, unlike a tardy notice of appeal, certain premature notices do not prejudice the appellee and that the technical defect of prematurity therefore should not be allowed to extinguish an otherwise proper appeal." *FirsTier Mortg. Co. v. Investors Mortg. Ins. Co.,* 498 U.S. 269, 273 (1991). For example, if a nonfinal decision "*would be* appealable if immediately followed by the entry of judgment," then appellate jurisdiction exists despite a premature notice of appeal. *Id.* at 276. In *FirsTier,* the Supreme Court found appellate jurisdiction in a pre-judgment appeal of a district court's oral pronouncement that it would grant summary judgment—the decision would have been "final" under 28 U.S.C. § 1291 if the court had entered judgment immediately instead of waiting for the parties to submit proposed findings of fact and conclusions of law. *See id.* at 277. Our court has similarly found appellate jurisdiction in pre-judgment appeals of decisions or orders granting summary judgment because the orders would have been final if the district courts had immediately entered judgment. *See, e.g., Cousin v. Small*, 325 F.3d 627, 630–31 (5th Cir. 2003); *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 378–79 (5th Cir. 1996); *Am. Totalisator Co. v. Fair Grounds Corp.*, 3 F.3d 810, 812–13 (5th Cir. 1993).

Here, the district court's order required Velasco to pay the filing fee by October 16, 2025, *or* it would dismiss the case. The order did not resolve any claim or make a final determination about whether the case would be

3

dismissed. Because the district court could not have entered a final judgment of dismissal immediately after issuing the order for payment of the fee, we lack appellate jurisdiction over Velasco's premature appeal of the district court's order of dismissal and judgment. We likewise lack jurisdiction to consider Velasco's appeal of the district court's denial of her post-judgment motion to reinstate the case. *See Hunter v. Rodriguez-Mendoza*, 623 F. App'x 266 (5th Cir. 2015) (finding lack of jurisdiction to consider orders denying motions other than the plaintiff's IFP motion because she had not amended her notice of appeal or filed another one to include those orders) (citing *Bowles v. Russell,* 551 U.S. 205, 214 (2007)).

We AFFIRM the district court's denial of Velasco's IFP motion and DISMISS the remainder of the appeal for lack of jurisdiction.